UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

TRUSTEES OF THE LOCAL 813 I.B.T.
INSURANCE TRUST FUND, THE LOCAL
813 I.B.T. PENSION TRUST FUND, AND
THE LOCAL 813 AND 1034 SEVERANCE
TRUST FUND,

        Plaintiffs,                          **REPORT AND**
                                                   **RECOMMENDATION**
   -against-                         05-CV-5131 (ENV) (JMA)

J & M RECYCLING, INC. and
MICHAEL FARACA,

        Defendants.

-------------------------------------------------------------X

A P P E A R A N C E S:

Arthur A. Hirschler
Finkel, Goldstein, Berzow,
Rosenblum & Nash, LLP
26 Broadway, Suite 711
New York, NY 10004
*Attorney for Plaintiffs*

**AZRACK**, **United States Magistrate Judge:**

By order dated February 15, 2007, the above-captioned action was referred to me by the Honorable Eric N. Vitaliano for a report and recommendation on plaintiffs' application for damages, interest, attorney's fees and costs against defendants J & M Recycling, Inc. ("J & M") and Michael Faraca. For the reasons set forth below, I respectfully recommend that the plaintiffs be awarded a total of $46,709.78.

**I. BACKGROUND**

Plaintiffs filed this action under §§ 502 and 515 of the Employee Retirement Security Act

1

("ERISA"), 29 U.S.C. 1132(e)(1) and (f), and § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Plaintiffs are the trustees of the Local 813 I.B.T. Insurance Trust Fund, the Local 813 I.B.T. Pension Trust Fund, and the Local 813 and Local 1034 Severance Trust Fund (collectively, the "Funds"). The Funds are employee benefit plans within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(37) and 1132(d)(1), and multi-employer benefit plans within the meaning of §§ 3(37) and 515 of ERISA, 29 U.S.C. §§ 1002(37) and 1145. (Dkt. No. 1: Compl. against J & M Recycling, Inc., Michael Faraca ("Compl.") ¶ 6.) The Funds are established and maintained pursuant to a collective bargaining agreement, and are authorized to institute this action pursuant to ERISA, 29 U.S.C. §§ 1132. (Id.) Defendant J & M is an employer within the meaning of § 301 of the LMRA, and §§ 3 and 515 of ERISA, 29 U.S.C. §§ 1002 and 1145. (Id. ¶ 4.) Michael Faraca is the president of J & M, and is personally liable for the sums requested by virtue of having personally guaranteed a February 20, 2002 settlement agreement (see Dkt. No. 7: Mot. for Default J., Attachmt. No. 2: Aff. in Supp. of Default J. ("Damages Affirmation"), Ex. A ("Settlement Agreement")) between the Funds and J & M. (Compl. ¶ 4.)

Under the Settlement Agreement, J & M agreed to pay the Funds $14,827.75 in monthly installments of $411.88. (Id. ¶ 13.) Defendants remitted payments for twenty months, but then failed to pay the remaining balance of $6,590.15. (Id. ¶ 14.) The Settlement Agreement provided that, in the event of default, the Funds could recover liquidated damages of $3,724.6. (Id. ¶ 15.) J & M was also party to a collective bargaining agreement ("CBA"), through which they agreed to make contributions to the Funds on behalf of J & M's covered employees. (Id. ¶ 7.) J & M failed to pay these contributions to the Funds from March 31, 2002 to September 30, 2005. (Id. ¶ 9.) As a result, defendants owe $4,851.60 plus interest to the Pension Fund, $2,006.40 plus interest to the Severance Fund, and $22,115.15 plus interest to the Insurance Fund. (Id. ¶¶ 9-11.)

Plaintiffs filed this action on November 2, 2005. The defendants failed to appear or otherwise defend this action, despite having been properly served. (See Damages Aff. ¶ 5.) Plaintiffs moved for default judgment on October 26, 2006. (Mot. for Default J.) On February 15, 2007, the Clerk of Court noted the default pursuant to Fed. R. Civ. P. 55(a). (Unnumbered Electronic Dkt. Entry: Clerk's Entry of Default as to J & M Recycling, Inc., Michael Faraca.) Judge Vitaliano referred the matter to me by an order dated February 15, 2007 for a report and recommendation concerning the relief requested. (Unnumbered Electronic Dkt. Entry: Order Referring Motion.)

## II.  DISCUSSION

### A.  Liability

Defendants' default amounts to an admission of liability and all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true. See Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999); Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). The Funds are employee benefit plans under ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1), and J & M is an employer under the terms of ERISA, 29 U.S.C. §§ 1002(5), 1145. Accordingly, J & M's obligations to the Funds under the CBA and the Settlement Agreement are enforceable under ERISA. 29 U.S.C. § 1132(a)(3). J & M was required by the CBA and the Settlement Agreement to remit payments to the Funds, yet failed to do so. (Compl. ¶¶ 8-11; 13-15.) Thus, pursuant to ERISA and the terms of the Settlement Agreement, J & M is liable to the Funds. Michael Faraca is also liable to the Funds because he personally guaranteed the Settlement Agreement. (See Damages Aff., Ex. A.)

### B.  Damages

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. See Credit Lyonnais, 183 F.3d at 155; Au Bon Pain Corp., 653 F.2d at 65. Rather, a court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping

Corp., 109 F.3d 105, 111 (2d Cir. 1997). In conducting such an inquiry, Fed. R. Civ. P. 55(b)(2) provides that if "it is necessary to take an account or determine the amount of damages or to establish the truth of any averment by evidence . . . the court may conduct such hearings or order such references as it deems necessary and proper . . . ." The Second Circuit has held that "it [is] not necessary for the [court] to hold a hearing, as long as it ensured that there was a basis for the damages specified . . . ." Transatlantic Marine, 109 F.3d at 111 (quoting Fustok v. ContiCommodity Serv. Inc., 873 F.2d 38, 40 (2d Cir. 1989)). Here, I consider the Settlement Agreement (Damages Aff., Ex. A) and the affidavit of Michael Spiatto (Dkt. No. 7: Mot. for Default J., Attachmt. No. 3: Aff. of Michael Spiatto ("Spiatto Affidavit")) to be sufficient evidence to form the basis for an award of damages.

1. **Unpaid Contributions**

Defendants, by their default, have admitted that they failed to properly remit payments on behalf of employees covered by the CBA and the Settlement Agreement. According to the Funds' collection manager, Michael Spiatto, the amount due under the Settlement Agreement is $10,314.80; the amount due in unpaid benefit contributions to the Insurance Fund is $22,115.15; the amount due in unpaid benefit contributions to the Pension Fund is $4,851.60; and the amount due in unpaid contributions to the Severance Fund is $2,006.40. (See Spiatto Aff.) I have reviewed Mr. Spiatto's affidavit and the calculations carefully. Because I find that plaintiffs have provided sufficient evidence that these amounts are proper, I respectfully recommend granting the Funds damages against J&M and Faraca in the amount requested, $39,287.95.

2. **Interest on the Unpaid Contributions**

The Funds seek an award of interest that accrued on the unpaid contributions during the period of delinquency. Pursuant to ERISA, interest awards are to be determined by using "the rate provided under the plan, or, if none, the rate prescribed under § 6621 of Title 26." 29 U.S.C. § 1132(g)(2). Here,

plaintiffs' counsel did not provide the Court with the CBA, but requested interest at the rate of nine percent per annum, for a total of $3,535.91. (Damages Aff. ¶ 6.) Plaintiffs' counsel does not explain why he chose to apply this rate.

The interest rate prescribed by § 6621 is calculated by taking the federal short-term rate, which changes quarterly, and adding three percentage points. See 26 U.S.C. § 6621(a)(2)(A), (B). A table calculating the interest rates mandated by § 6621 for each quarter is published by the Internal Revenue Service in a Revenue Ruling. See Table of Interest Rates from January 1, 1999-Present: Corporate Overpayments and Underpayments, Rev. Rul. 2007-16 ("Interest Table"). Interest rates fluctuated between 5 percent and 7 percent during the period of defendants' delinquency. See Interest Table. The average rate is 6 percent. Adding the three additional percentage points mandated by § 6621 gives a 9 percent interest rate—the rate that plaintiffs requested. I therefore find 9 percent to be a reasonable annual interest rate, and respectfully recommend that the Funds be awarded a total of $7,071.83 in interest against J & M and Faraca for the two years that have elapsed since September 30, 2005.

**3.     Attorney's Fees and Costs**

**a.     Fees**

In conjunction with an award for unpaid contributions, ERISA mandates an award for reasonable attorney's fees and costs. See 29 U.S.C. § 1132(g)(2)(D). The Second Circuit has adopted the lodestar approach to calculating such fees. See Bourgal v. Lakewood Haulage Inc., 827 F. Supp. 126, 129 (E.D.N.Y. 1993) (citing Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir. 1989)). Under the lodestar approach, the Court multiplies the number of hours reasonably worked by what the Court deems to be a reasonable hourly rate. Bourgal, 827 F. Supp. at 129. Fee awards are to be calculated in accordance with "the prevailing market rates in the relevant community." Chambless, 885 F.2d at 1058 (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)).

However, a fee applicant has the burden of establishing the hourly rate and the number of hours expended. New York State Teamsters Conference & Ret. Fund v. Erick Sanitation, 92-CV-0292, 1992 WL 246880, at *4 (N.D.N.Y. Sept. 18, 1992). Here, plaintiffs' counsel Arthur A. Hirschler requested $7,857.59 in attorneys' fees, which he calculated by multiplying the unpaid contributions by 20 percent. (Damages Aff. ¶ 6.) Counsel submitted no documentation to show how many hours were worked, or to indicate the hourly rate of fees. Without proper documentation, this court cannot evaluate counsel's request. See New York Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983) ("There is no excuse for the sparse documentation that accompanied . . . plaintiffs' . . . application for attorney's fees."); In re Hudson & Manhattan RR Co., 339 F.2d 114, 115 (2d Cir. 1964) ("[A]ny attorney who hopes to obtain an allowance from the court should keep accurate and current records of work done and time spent . . . . There is no excuse for an established law firm to rely on estimates . . . almost entirely unsupported by daily records."). I therefore respectfully recommend that plaintiffs be denied an award for attorneys' fees in this action.

**b.    Costs**

ERISA allows for the recoupment of the costs associated with successful litigation. 29 U.S.C. § 1132(g)(2)(D). Plaintiffs' counsel seeks reimbursement of $350.00 for the costs incurred in filing the action, but does not submit any records in support of this request. Plaintiffs will generally be awarded "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee paying clients." Reichman v. Bonsignore, Brignati & Mazzotta, P.C., 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks and citation omitted). Here, the expenditure was for a court filing fee, an amount that I find reasonable. Therefore, I respectfully recommend that plaintiffs be awarded $350.00 in costs against J & M and Faraca.

## III. CONCLUSION

For the above-mentioned reasons, I respectfully recommend that $39,287.95 in unpaid contributions, $7,071.83 in interest on these unpaid contributions, and $350.00 in costs be awarded to the plaintiffs against defendants J & M and Faraca, for a total judgment of $46,709.78. I respectfully recommend that plaintiffs' request for attorneys' fees be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

SO ORDERED.

Dated: October 19, 2007
　　　　Brooklyn, New York

　　　　　　　　　　　　　　　　　　　　　　　　/S/
　　　　　　　　　　　　　　　　　　　　　JOAN M. AZRACK
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

Copy also sent to:

　　　J & M Recycling
　　　Michael Faraca
　　　22 Briarwood Lane
　　　Plainview, NY 11803